UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA BEELER,<br><br>                                Plaintiff,<br><br>    v.<br><br>MICHAEL MULLEN, *et al.*,<br><br>                               Defendants. | Case No. 3:18-cv-00316-RCJ-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:
> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $25.07, and his average monthly deposits were $152.63.

Plaintiff's application to proceed IFP is granted. He is required to pay an initial partial filing fee in the amount of $30.53 (20 percent of $152.63). Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## **II. SCREENING**

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The caption of Plaintiff's complaint lists "Michael Mullen/Reno PD crime suppression unit and affiliates, City of Reno acting under Color of State law," but then the list of defendants contains only Michael Mullen's name, and the allegations are only directed at the purported actions of Mullen. (ECF No. 1-1.) Therefore, the court will construe Plaintiff's complaint as being asserted only against Mullen. If this is not the case, Plaintiff may file an amended complaint within the parameters of Federal Rule of Civil Procedure 15, but should be advised that if he chooses to amend, under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). The City of Reno (instead of the Reno Police Department or its divisions) might be a proper party, but "a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Instead, "a plaintiff must show that a 'policy or custom' led to plaintiff's injury." *Id*. (citing *Monell*, 436 U.S. at 694). The plaintiff must demonstrate that the policy or custom reflects deliberate indifference to constitutional rights. *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). Bare bones allegations of municipal liability are insufficient. *Sandoval v. Las Vegas Met. Police Dept.*, 756 F.3d 1154, 1168 (9th Cir. 2014). As such, any amended pleading that names the City of Reno must include specific factual allegations supporting a claim of liability against the City, as outlined above.

///

The court will now address the allegations against Mullen. Plaintiff alleges that he was arrested, and at the time he was driving his 2003 Toyota Camry. (ECF No. 1-1 at 3.) He avers that upon his arrest, rather than impounding his car, Mullen handed his keys to Plaintiff's passenger, after both Plaintiff and the passenger told the officer not to give her possession. Since that time, Plaintiff contends his vehicle and the property therein have vanished. (*Id*. at 3-4.) He contends the vehicle had a value of $12,000, and contained miscellaneous tools and detail equipment in it worth $3,000, as well as clothing valued at approximately $2,000. (*Id*.)

Plaintiff states a colorable claim for an unreasonable seizure under the Fourth Amendment. *See Soldal v. Cook County*, 506 U.S. 56, 62 (1992) (there is a seizure within the meaning of the Fourth Amendment "if there is some meaningful interference with an individual's possessory interests in that property"); *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) ("A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions."); *Cooper v. California,* 386 U.S. 58, 59 (1967) ("whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case").

Plaintiff also states a colorable claim for violation of his due process rights under the Fourteenth Amendment. *See Miranda v. City of Cornelius*, 429 F.3d 858, 867 (9th Cir. 2005) (recognizing a plaintiff may have a due process claim that he or she was entitled to pre-deprivation notice and a hearing where the officers were not acting under a legitimate caretaking purpose); *California ex rel. Lockyer v. F.E.R.C.*, 329 F.3d 700, 708, n. 6, 711 (9th Cir. 2003) ("Constitutional due process requires that a party affected by government action be given 'the opportunity to be heard at a meaningful time and in a meaningful manner" and is assessed on a case-by-case basis depending on the circumstances).

In sum, Plaintiff is allowed to proceed with his Fourth Amendment unreasonable seizure and Fourteenth Amendment due process claims against defendant Mullen.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $30.53 within **THIRTY DAYS**

of this Order. Thereafter, whenever his prison account exceeds $10, he shall make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful.  The Clerk shall **<u>SEND</u>** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

(2) The Clerk shall **<u>FILE</u>** the Complaint (ECF No. 1-1).

(3) Plaintiff is permitted to proceed with his Fourth Amendment unreasonable seizure and Fourteenth Amendment due process claims against Mullen.

(4) The Clerk shall **<u>ISSUE</u>** a summons for Defendant Mullen and send the same to the U.S. Marshal.  The Clerk shall also send one (1) copy of the Complaint and one (1) copy of this Order to the U.S. Marshal for service on the Defendant. The Clerk shall also send Plaintiff one (1) USM-285 service of process form. Plaintiff shall have until **Friday, August 24, 2018**, to complete the USM-285 service form and return it to the U.S. Marshal, 400 South Virginia Street, Room 201, Reno, Nevada 89501, to complete service upon the Defendant. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff shall file a notice with the court indicating whether the Defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff should be reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days of the date of this Order. If Plaintiff should require additional time to meet deadlines set by this court, he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

(5) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the Defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document

1 | was mailed to the defendant or counsel. The court may disregard any paper received which has not
2 | been filed with the Clerk, or that fails to include a certificate of service.
3 |     DATED: July 31, 2018.

                                                  _____
                                                  WILLIAM G. COBB
                                                  UNITED STATES MAGISTRATE JUDGE